### In re C. J. ROWE & BROS., Inc.

District Court, W. D. Pennsylvania. January 19, 1927.

#### No. 11410.

1. **Bankruptcy** ⟺198—Landlord's lien acquired by distraint is not "obtained through legal proceedings," and is not divested by bankruptcy of tenant (Bankruptcy Act, § 67f [Comp. St. § 9651]).

The specific lien acquired by a landlord by distraint is not one "obtained through legal proceedings," within Bankruptcy Act, § 67f (Comp. St. § 9651), and is not divested by bankruptcy of the tenant within four months.

2. **United States** ⟺76—Property, while owned by and in possession of debtor, is not affected by statute giving priority to debts due United States (Comp. St. § 6372).

Rev. St. § 3466 (Comp. St. § 6372), does not create a lien, and the priority thereby given to debts due from insolvents to the United States does not attach to property while the debtor continues the owner and in possession.

3. **Bankruptcy** ⟺346—Statute giving priority to taxes does not affect rights of holder of valid specific lien (Bankruptcy Act, § 64a [Comp. St. § 9648]).

Bankruptcy Act, § 64a (Comp. St. § 9648), giving priority to taxes against estate of

bankrupt, does not affect the rights of holder of a valid specific lien.

**4. Bankruptcy ⟨⟩346—Rent for property occupied by receiver and trustee is payable before taxes due the United States; "administration expense."**

Rent for property occupied by receiver and trustee in bankruptcy is administration expense, payable before taxes due the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Expenses.]

**5. Bankruptcy ⟨⟩346—Rent owing by bankrupt prior to bankruptcy is subject to priority given taxes owing the United States.**

Rent owing by bankrupt prior to bankruptcy is general claim, subject to priority given taxes owing the United States.

In Bankruptcy. In the matter of C. J. Rowe & Bros., Inc., bankrupt. On review of order of referee. Reversed.

Charles W. Walker, of Somerset, Pa., for trustees.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for Cumberland Co. and Somerset Co.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa.

GIBSON, District Judge. The bankruptcy proceedings in the instant case were instituted April 6, 1924. On March 15, 1924, the Cumberland Company distrained upon certain personal property upon land in Allegany county, Maryland, leased to the bankrupt. On March 17, 1924, the Somerset Company levied and distrained upon personal property on leasehold premises of the bankrupt in Somerset county, Pennsylvania. Each of the levies, it will be noted, was made prior to the filing of the bankruptcy petition. Subsequent to the beginning of the bankruptcy matter and the appointment of a receiver, the District Courts of Maryland and the Western District of Pennsylvania issued orders temporarily restraining sale of the property levied upon. Prior to the date fixed for hearing in the temporary restraining orders an agreement was entered into by the receiver, with the approval of court, with each of the distraining companies, whereby it was agreed that the trustee in bankruptcy should make sale of the property and that the lien of the distraining company, if any it had, should apply to the fund arising from the sale of the property.

Subsequent to the levies of the Cumberland and Somerset Companies and the agreements mentioned, the United States filed liens in the office of the collector of internal reve-nue for additional income taxes claimed against the bankrupt. These taxes were for the years ending December 31, 1918, 1919, 1920, and 1922, with interest. The total of the claim was $43,167.66. Upon distribution of the fund in the hands of the trustee, the referee found that this claim of the government for taxes was entitled to payment prior to payment of the respective claims of the Cumberland Company and the Somerset Company. To his order the companies mentioned have taken exception and have had the matter certified to this court for review.

The trustee, after deducting expenses of administration, has in his hands about $33,093.73, so that, if the judgment of the referee be sustained, the entire fund is payable to the United States on account of additional income taxes. The referee has based his order upon section 64a of the Bankruptcy Act (Comp. St. § 9648) and section 3466 of the Revised Statutes (Comp. St. § 6372). Section 64a of the Bankruptcy Act is as follows:

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors."

Section 3466, R. S., is as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

[1, 2] In holding that the foregoing provisions require the payment of the claim of the government for taxes in advance of every other claim except administration expenses, the learned referee, as we think, has failed to take into consideration all the facts involved. If no distraint for rent had been made, and the claims of the Cumberland and Somerset Companies were merely for rent, without any reference to the levies, the distribution of the fund by the referee would doubtless have been correct; but in view of the levies, and the transfer of the rights of the landlords under the levies to the fund, his ruling was erroneous. The specific lien acquired by a landlord by means of a distraint is not such a lien as is "obtained through legal proceedings," as con-

templated by section 67f of the Bankruptcy Act (Comp. St. § 9651), and is not divested by the bankruptcy of the tenant within four months. See In re West Side Paper Co., 162 F. 110, 15 Ann. Cas. 384 (3d Ct.); Henderson v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233. On the other hand, section 3466, R. S., supra, created no lien, and the priority created by it does not attach while the debtor continues the owner and in possession of the property. United States v. Oklahoma, 261 U. S. 253, 43 S. Ct. 295, 67 L. Ed. 638; Beaston v. Farmers' Bank, 12 Pet. (37 U. S.) 102, 9 L. Ed. 1017.

[3] Section 64 of the Bankruptcy Act was intended to create priority of payment in favor of certain classes, who, in the absence of statute, would be general creditors of the bankrupt. It did not contemplate an advantage to the classes given priority as against holders of valid specific liens, such as existed at the time the petition was filed in the Cumberland Company and the Somerset Company. City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543 (affirming [C. C. A.] 240 F. 545).

[4] The case last cited is decisive upon the question involved in the present matter, in so far as it relates to the rent due at the time of distraint and the costs of distraint. In addition to the amount of the rent and costs so due, the Cumberland Company and the Somerset Company have each filed a claim for rental due from the receiver and trustee for the occupation of the property by them—from April 10, 1924, to November 10, 1924, in the case of the Cumberland Company, and from April 9, 1924, to November 10, 1924, in the case of the Somerset Company. This amount, in each case, is claimed as an administration expense, and as such entitled to priority of payment over the tax claim of the United States. So far as appears, the occupancy of the premises in question was a necessary administration expense. As such, it is entitled to priority of payment as against taxes. New Jersey v. Lovell, 179 F. 321, 31 L. R. A. (N. S.) 988 (C. C. A. 3d Ct.), certiorari denied 219 U. S. 587, 31 S. Ct. 471, 55 L. Ed. 347. The refusal of the referee to allow it was erroneous.

[5] The Cumberland Company and the Somerset Company have each filed a further claim for rent accruing between the date of distraint and bankruptcy. As against these claims, the United States' claim for taxes is entitled to priority.

An order will be drawn, reversing and setting aside the order of the referee, whereby he rejected the claim of the Cumberland Company for $7,850.13, rent distrained for prior to bankruptcy, and $284.08, costs of distraint, and for $4,036.20, rent of the premises after bankruptcy; also his order rejecting the claim of the Somerset Company for rent distrained for, $6,194.27, with costs of distraint, $36.45, and for $4,375 for rent during bankruptcy, will be reversed.