## General Realty Co., Appellant, *v.* Gold.

*Judgments — Landlord and tenant—Lease—Warrant to confess judgment—Rent for unexpired term.*

1. Where there is doubt or uncertainty as to the meaning of language used in a lease, it will be construed most strongly against the lessor and in favor of the lessee.

2. Where one clause of a lease gives authority to distrain and collect rent for the whole unexpired term in case of removal of

goods, and a subsequent clause authorizes confession of judgment "for any and all damages which may at any time arise from the breach or failure of lessee to keep any of the covenants herein contained" but does not specify for rent for the balance of the term which might become payable in advance under the terms of the lease, judgment cannot be confessed for rent accruing for the remainder of the term.

Argued April 17, 1928.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 150, Jan. T., 1928, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1927, No. 4753, making absolute rule to open judgment, in case of General Realty Co. v. Jacob N. Gold.   Affirmed.

Rule to open judgment.
The opinion of the Supreme Court states the facts.
Rule absolute.   Plaintiff appealed.

*Error assigned* was order, quoting it.

*David Levinson,* with him *J. Walter Rosenberg,* for appellant.

*Henry Arronson* and *Gabriel D. Weiss,* for appellee.

PER CURIAM, May 7, 1928:
Plaintiff appeals from an order striking off a judgment entered on a lease in the sum of $16,500, being for the balance of rent for the unexpired term which it is alleged became due and payable in advance because of defendant's default in payment of a current installment of rent and removal of his goods from the premises before expiration of the term.   The court below held the lease contained no authority to confess judgment for rent thus accruing in advance.

Where there is doubt or uncertainty as to the meaning of language used in a lease, it will be construed most strongly against lessor and in favor of lessee: McClintock Co. v. Ætna Explosives Co., 260 Pa. 191, 195; Born-

stein v. Salerno, 285 Pa. 507, 510; White v. Long, 289 Pa. 525, 531.

While other parts of the lease confer authority to distrain for and collect rent for the unexpired term in case of removal of the tenant's goods from the premises, the clause giving authority to lessor or his attorney to confess judgment does not disclose such power with sufficient certainty. It gives authority: "To appear for the lessee in any action to be brought for any arrears of the rent herein reserved, which may at any time fall due, and for all charges due and payable as rent, and for rent made payable in advance, or for damages for the breach of any of the covenants herein contained; and to sign for the lessee an amicable action as of any term past, present or future, as if suit had been brought for any such arrears in rent, charges payable as rent, rent payable in advance and damages, and further in said suits or in said amicable action any attorney or prothonotary is authorized to confess judgment against the lessee for any and all damages which may at any time arise from the breach or failure of lessee to keep any of the covenants herein contained, as set forth in an affidavit of the lessor, or any one in lessor's behalf."

The meaning of this provision is not clear. It refers to an amicable action to be brought for rent in arrears, charges due and payable as rent, rent made payable in advance and damages for breach of covenant, but the actual authority to confess judgment seems to be limited to damages for breach of covenant. Nothing is said concerning the confession of judgment for rent for the balance of the term which might become payable in advance under the terms of the lease and in absence of a clear provision to that effect we cannot make a contract for the parties by reading into the lease a provision it does not contain. Plaintiff consequently, exceeded its authority in including in the judgment confessed rent accruing for the remainder of the term; the order striking off the judgment was therefore properly entered.

The judgment is affirmed.