## BENNETT'S ESTATE et al. v. SPROUL.
### No. 4395.

Circuit Court of Appeals, Third Circuit.
July 11, 1930.

J. Merrill Wright and J. Stanton Carson, both of Pittsburgh, Pa. (Wright & Rundle, of Pittsburgh, Pa., of counsel), for appellants.

Frank W. Stonecipher and James Milholland, both of Pittsburgh, Pa. (Stonecipher & Ralston and Alter, Wright & Barron, all of Pittsburgh, Pa., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

BUFFINGTON, Circuit Judge.

On April 1, 1929, the J. G. Bennett Company, a corporate citizen of Pennsylvania, was adjudicated bankrupt on its voluntary petition. It then and for some years previously did business on leased property in Pittsburgh. The lease provided for "the payment when due of all water rent or water assessments assessed, charged and levied against the premises during the term of this lease, and the payment when due of all City School, County and States taxes and/or any other kind of taxes or assessments of any kind whatsoever assessed against or levied upon the said premises during the term of this lease."

It further provided: "Said water taxes and other taxes being a part of the rent of the premises as hereinbefore stated." In addition to tax payments, the lessee was to pay $13,000 annually.

At the time of the bankruptcy there was payable by the lessee $6,655.74 in money, and there were certain outstanding taxes as stated below.

The proceeds of personal property on the premises was more than sufficient to pay both money rental and taxes in full. The lessor presented a claim as follows:

Rent—balance due October 1928 ..$  155.70
Rent—November 1928 to April 1929, both inclusive, at $1083.24 per month ....................  6500.04
Taxes, payable as rent, by the lessee
1928 County Taxes ...........  1224.19
Balance 1928 City Taxes .........  3141.68
1929 County Taxes ..............  1112.90
1929 City Taxes ................  5807.90
Water Rent—January 1, 1928 to April 1, 1929 .................  75.00
Constable's costs on landlord's warrant .....................  75.00

Total .................... $18,092.41

On hearing the referee held, and the court confirmed his action, that the several items of money rent, totaling $6,655.74, the constable's costs, $75, and the city tax for 1928, $3,141.68, be allowed. Of the taxes, water rent, etc., claimed, he allowed of the $1,224.19, being the county taxes for 1928, three-fourths or $918.15. He allowed of the $5,807.90, being the city tax of 1929, one-fourth or $1,451.97. He allowed of the $1,-119.90, being the county tax for 1929, one-fourth or $274.97. He allowed of the $75, being the water rent from January 28, 1928,

to April, 1929, $59.24. Summarizing his action on the total claim of $18,092.41, he allowed $12,580 and disallowed taxes as above stated totaling $5,512.41. From the decree of the court below this appeal is taken, and the question involved is whether, under the Pennsylvania statute giving a landlord priority for rent, the referee should have awarded priority to the taxes in full instead of apportioning them. The case turns on the construction of the Pennsylvania Act of June 16, 1836, P. L. 755, § 83 (Pa. St. 1920, § 10457), and its application to the facts here involved. As here pertinent, that act provides: "The goods and chattels being in or upon any * * * lands * * * which are * * * demised for * * * years * * * and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, That such rent shall not exceed one year's rent." It will be observed that this court has held that bankruptcy was a taking in execution within the statute. It will also be noted that the claim of $18,092.41 made was less than the annual rent provided by the lease.

The referee, following McCann v. Evans (C. C. A.) 185 F. 93, held that taxes were by the lease made part of the rent and as such came within the purview of the statute. Touching the construction of such statute, the receiver contends and the referee and court held, that the lien given by it to the landlord was limited to rent falling due during the last year preceding the bankruptcy, while the landlord contends that, although the quantum of the lien is restricted to one year's rent, the lien covers all rent due, no matter when falling due, so long as it does not exceed one year's rent. It would therefore appear that the two questions involved, and to which we restrict ourselves, are aptly stated in the appellant's brief, as follows:

"(1) Whether a landlord is entitled in a bankruptcy proceeding as a prior claim to such sums of money as may be due for rent covering more than a year in time but less than a year in amount; and

"(2) The right of the Referee to apportion taxes which were made a part of the rent but which were, however, by the terms of the lease made payable in a lump sum annually."

Referring to the first question, we note the statute provides for the payment "of any sums of money due for rent at the time of

taking such goods in execution." Standing alone, there is no limitation as to time of accrual or quantum of amount. The only limitation is that it is for rent due, viz., "any sum of money *due* for rent at the time of taking such goods in execution." We are therefore justified in holding that the purpose of the statute was to give the landlord a lien for his rent, no matter when it had become due, so long as his rent was due when the goods were taken in execution, but that the lien should be limited in money to the measure of one year's rent. On reflection, the reason for so construing the statute is clear. Prior to the issue of an execution, the landlord could distrain for all unpaid rent and collect the same. When, however, the tenant's goods were taken in execution by a creditor, the landlord's right to interfere with such execution was by the statute taken away, but, in view of such deprivation, the statute gave the landlord a lien for "any sum of money due for rent." But in recognition of the execution creditor's right, it limited the lien of the landlord's priority to the measure of a single year's rental.

Such being our construction of the statute, it remains to apply it to the taxes here in question which, as we have said, are considered rent. As noted, the lease provided for "the payment when due of all * * * taxes * * * assessed against or levied upon said premises during the term of this lease," thus requiring two things, viz., "assessed" and "when due." The city taxes for 1928 were levied and assessed in December, 1927. They were payable at a discount during January, 1928, at face in February and March, and were delinquent April 1, 1928. The tenant being then liable to pay them, and being in default in not paying them, and, in the words of the lease, being liable for the payment "when due," it follows they should be allowed in full as part of the rental. The county taxes for 1928 were levied in February, 1928, were payable at a discount during May, June, and July, and became delinquent September, 1928. Consequently, they should be allowed in full. So also the optional period for the payment of the city taxes for 1929 ended March 31, 1929, so that, when the petition in bankruptcy was filed on April 1st, the bankrupt was confessedly unable to pay his debts and had not paid these taxes. Their payment will, therefore, be allowed in full. As to the county taxes for 1929, they did not become due until September, 1929, and they should not be allowed in full, but, as no objection is made by the receiver to the allow-

ance by the referee of one-fourth of them under the Pennsylvania system of apportionment and of a like allowance of a large portion of the water rent, the referee's allowance will stand. Construing the statute as we do and in accord with state decisions (Parker & Keller's Appeal, 5 Pa. 390; Richie v. McCauley, 4 Pa. 471), the decree below is vacated, and the cause remanded, with instructions to enter a decree in accord with this opinion.