## In re WALDSTEIN CLOTHING CO., Inc.
### No. 24896.

District Court, D. New Jersey.
Sept. 27, 1938.

748

David Bobker, of Newark, for trustee.

Richard Doherty, of Jersey City, for creditor.

AVIS, District Judge.

This case comes to the Court for review of the order of Referee Grimshaw, relating to a claim of the landlord of bankrupt, asserting priority of claim for certain rents owing at the time of filing the petition.

An involuntary petition was filed on September 15, 1936, and with consent of bankrupt it was adjudicated on the same date.

The question at issue came before the referee on a petition of Mary O'Gorman, the landlord of the bankrupt, which set forth that the bankrupt was indebted to petitioner, in the sum of $280, for rent at the rate of $140 per month, for the two months immediately preceding the filing of the petition, $70 for use and occupancy by the receiver after his appointment, and the further sum of $500 for rent which had accrued in 1932, and had been awarded to petitioner in a suit instituted in the Court of Chancery of New Jersey. After hearing, the referee allowed the $350 as a prior claim, but refused to allow the $500 for rent more than one year in arrears at the time of the filing of the petition.

In the referee's certificate it is stated that the question raised is as follows:

"Does the New Jersey Landlord and Tenant Act give to a landlord a priority for unpaid rent in an amount equal to one year's rent, regardless of the time when said rent accrued, or does the said statute limit the landlord's priority to unpaid rent accruing within the period of one year prior to the filing of the petition."

The statute referred to is found in Rev. Stats. of New Jersey, 1937, 2:58–1 and 2:58–2. These sections, in brief, provide that no goods or chattels shall be removed from premises of a lessee, under any execution, attachment or other process, unless the landlord is paid "all rent due for such premises at the time of the taking of such goods or chattels by virtue of such process", and further, "provided always that the arrears of rent do not amount to more than one year's rent."

Considerable argument has been presented with relation to the technical application of the law, distinguishing the enacting portion of a statute from the proviso, and which probably states proper legal conclusions.

It is not necessary, however, that the cases cited should be especially considered or analyzed, in view of the decision of the Circuit Court of Appeals for the Third Circuit in the case of Bennett's Estate v. Sproul, 42 F.2d 33. That case determined the same question applicable to a statute of Pennsylvania which in effect is the same as the New Jersey statute.

Judge Buffington, writing the opinion of the court in that case, said on pages 34 and 35:

"Referring to the first question, we note the statute provides for the payment 'of any sums of money due for rent at the time of taking such goods in execution.' Standing alone, there is no limitation as to time of accrual or quantum of amount. The only limitation is that it is for rent due, viz., 'any sum of money due for rent at the time of taking such goods in execution.' We are therefore justified in holding that the purpose of the statute was to give the landlord a lien for his rent, no matter when it had become due, so long as his rent was due when the goods were taken in execution, but that the lien should be limited in money to the measure of one year's rent. On reflection, the reason for so construing the statute is clear. Prior to the issue of an execution, the landlord could distrain for all unpaid rent and collect the same. When, however, the tenant's goods were taken in execution by a creditor, the landlord's right to interfere with such execution was by the statute taken away, but, in view of such deprivation, the statute gave the landlord a lien for 'any sum of money due for rent.' But in recognition of the execution creditor's right, it limited the lien of the landlord's priority to the measure of a single year's rental."

In view of this finding in the Circuit Court, I conclude that the $500 should have been allowed as a priority payment, and the order of the referee is reversed.