In re MOUNT HOLLY PAPER CO.

DAVIES et ux. v. SNYDER.

DAVID SCHEIN CO., Inc., et al. v. DAVIES et ux.

Nos. 7057, 7081.

Circuit Court of Appeals, Third Circuit.

March 8, 1940.

Ray T. Harrigan, of Carlisle, Pa., and Walter H. Compton, of Harrisburg, Pa., for Guy and Annie Davies.

Mark E. Garber, of Carlisle, Pa., and Randolph Stauffer, of Reading, Pa., for B. Frank Snyder.

Before MARIS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

Guy H. Davies and Annie H. Davies, his wife, as owners, leased to Mount Holly Paper Company a "paper mill, machinery, equipment and fixtures", located in Mount Holly Borough, Pa., for a term of five years from January 1, 1935, at an annual rental of $3,000, payable in installments of $250 on the first day of each month of the term.

The lessee agreed to be bound, inter alia, by the following covenants and conditions,—

"(a) To pay all taxes of every kind and description on said leased property as they become payable.

\* \* \* \* \* \*

"(d) To keep the buildings and water ways in good condition, including paint, and to make all necessary repairs, renewals or replacements thereto."

The lease also provided that,—

"If default shall be made in the payment of any part of the said rent after the same becomes due, or in case of a breach or evasion or any attempt to break or evade any of the covenants or conditions of this agreement, the entire rent reserved for the full term of this lease remaining unpaid shall become due and payable at once, and may forthwith be collected by distress or otherwise", etc.

The lease was thereafter amended so as to provide that the taxes, water rents, power and light bills, costs of repairing and replacing machinery and keeping the buildings and water ways in good repair should be collectible by the lessors as rent in addition to the monthly money payments specified in the lease, and that the lessors should have the right to collect these items or any of them by distress. Both the original lease and the amendment were drawn by Guy H. Davies, one of the joint lessors.

On December 13, 1937, the lessee then being in default in the payment of rent of $250 for the month of December and the property taxes for the year 1937 in the sum of $650, the landlords issued and served a warrant of distress for rent thus itemized:

"Rent for December, 1937, due Dec. 1, 1937 .............. $ 250.00
One year's rent in advance to Jan. 1, 1939 .............. 3,000.00
Necessary repairs to penstock, not made ................ 1,200.00
Necessary repairs to roof and floors of Paper Mill, not made ................... 5,000.00
Borough, County and School Taxes for 1937 .......... 650.00
                                                    ————
Total ................. $10,100.00"

Upon petition of creditors, filed December 21, 1937, for the reorganization of the Paper Company under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the court on December 28, 1937 appointed a trustee with authority to operate the debtor's business and enjoined the landlords from interfering with the assets of the debtor by reason of their distress for rent and from enforcing their lien, but preserving to the landlords any lien in their favor then existing on the goods of the debtor.

The trustee duly filed a statement of the assets and liabilities of the debtor wherein there was shown, as an asset of the debtor, machinery to the value of $13,445, which the lessee had placed on the demised premises, and, as a liability, rent in the sum of $250 due the landlords for the month of December 1937. The landlords excepted to the statement in these two particulars, claiming the machinery as their property, by reason of the terms of the lease, and rent in the sum of $10,100 as itemized in their warrant of distress. The court referred the exceptions for hearing and report to the referee as special master.

No plan of reorganization having been filed, the debtor was adjudged bankrupt on May 4, 1938, and the trustee was directed to liquidate the bankrupt's estate, which was thereupon begun.

The special master filed his report containing a recommendation that the landlords be awarded $900 for rent due at the time of the filing of the creditors' petition (being the $250 due December 1, 1937, and $650 of property taxes) and all of the machinery which had been placed on the premises by the lessee, and further directing that the trustee pay to the landlords for the trustee's use and occupancy of the property at the rate of $250 per

month. The special master also concluded as a matter of law that the wage claimants were entitled to priority of payment out of the bankrupt's estate ahead of the rent claim allowed the landlords.

Exceptions to the special master's report and recommendation were filed by the landlords who assigned for error the special master's failure to award them rent in the sum of $10,100 and his subordination of their allowance for rent to the prior payment of wage claims. David Schein Company, Inc., a creditor, also excepted, assigning for error the special master's conclusion that all of the machinery placed on the premises by the lessee was the property of the landlords by virtue of the lease.

The court below approved the special master's report in an order specifically effectuating in all particulars the recommendations based thereon. From that order the landlords and David Schein Company, Inc., a creditor (now joined therein by the trustee in bankruptcy), have each appealed. We shall treat with both appeals in this opinion.

### Appeal of Guy H. Davies and Annie H. Davies, His Wife, Landlords.

The claim for rent was rightly restricted to the one unpaid monthly cash installment for December 1937 and the property taxes for the year 1937, both of which were due and payable by the lessee at the time of the filing of the creditors' petition. None of the other items in the landlords' claim for rent can be sustained.

■ Neither the lease nor the amendment conferred any right on the landlords to fix summarily, during the pendency of the term, the time of accrual of any liability of the lessee for repairs. As no time for performance was specified in the covenant for repairs, compliance at any time during the term would constitute fulfillment. See Palethorp v. Bergner & Muehleck, 52 Pa. 149, 152, 153. Yet, at the time of the issuance of the warrant, two years of the term remained unexpired. It was likewise not the right of the landlords to determine arbitrarily the extent of any liability of the lessee for repairs. Hence, the claim lacked both maturity of liability and certainty of amount. While the amendment to the lease endeavored to make the cost of repairs collectible as rent, it is necessary in order to justify distraint that the claim be due (Bennett's

Estate et al. v. Sproul, 3 Cir., 42 F.2d 33) and that the amount be definite and certain. McCann v. Evans, 3 Cir., 185 F. 93.

■ Moreover, as found by the special master, the lessee was not in default for repairs in any sum. This conclusion is based on findings which were not excepted to below and received the sanction of the court. They may not now be set aside except for clear error. Rule 52, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, made applicable to Bankruptcy by General Order 37, 11 U.S.C.A. following section 53.

■■ The contention of the appellants based on the findings of the special master that the buildings and penstock were in need of betterment does not go to the question of the lessee's liability for repairs. Under the covenant, the lessee was obligated to keep the buildings and water ways in good condition but not to better them. That the lessee fulfilled its obligation in such regard follows from the special master's finding that the buildings and penstock were in as good condition at the time of the filing of the creditors' petition as they were when the lease was entered into, reasonable wear and tear excepted. Binding on appeal, as the findings below are (Guilford Construction Co. v. Biggs, 4 Cir., 102 F.2d 46), the conclusion, which they fully support, was without error and properly disposed of the landlords' claim for repairs.

■■ The claim for a year's rent in advance was without legal basis. Certain it is that the lease gave the landlords no right to collect a year's future rent. What the Pennsylvania Act of June 16, 1836, P.L. 755, § 83, 68 P.S. § 321, confers on a landlord is a right to priority of satisfaction out of the goods and chattels on the demised property for rent due, limited in amount to a year's rent. But that statute does not give the landlords an arbitrary claim for a year's rent not yet due. It was of course the right of the landlords under the lease to mature the future rent for the balance of the term upon default of the lessee, by invoking the acceleration clause of the lease (Platt, Barber & Co. v. Johnson & Paterson, 168 Pa. 47, 31 A. 935, 47 Am.St.Rep. 877); and, the right to distrain for rent for the balance of the term arises upon the happening of the accelerated maturity. Mo-

224

retti v. Zanfino, 127 Pa.Super. 286, 193 A. 106. But, the appellant landlords did not accelerate the maturity of the lessee's obligation for future rent and, after the appointment of the trustee in bankruptcy, they in effect accepted a rejection of the lease as an asset of the bankrupt's estate. They participated in hearings to fix the amount allowable to them for the trustee's use and occupancy of the property and obtained an allowance therefor. And, after the termination of the trustee's use and occupancy of the property, the landlords made a re-entry. Such action was inconsistent with a claim for future rent. They could not have both the premises and a claim for rent for the balance of the term. In re Barnett, D.C., 12 F.2d 70, 72; and Wilson v. Pennsylvania Trust, 3 Cir., 114 F. 742, 743.

The Pennsylvania Act of May 7, 1929, P.L. 1589, as amended by the Act of June 22, 1931, P.L. 889, 68 P.S. § 322, which the appellants also cite, merely preserves to a landlord the lien of his outstanding warrant of distress on the goods and chattels of the tenant or the proceeds thereof after they have come into the hands of a sheriff upon a subsequent execution against the tenant, or into the possession of a subsequently appointed receiver or trustee in bankruptcy for the tenant. Obviously, this Act does not create a claim on the part of the landlord but serves to protect his rights with respect to a pre-existing lien. The court below, therefore, properly disallowed the landlords' claim for a year's future rent.

Finally, the appellants complain of the priority of payment as directed by the court below, contending that they are entitled to payment of their rent claim out of the proceeds of the goods and chattels on the demised property ahead of creditors of the bankrupt, including wage claimants. In support of their contention, appellants rely on the bankruptcy law applicable at the time of the adjudication, which was prior to the effective date of the amendment of June 22, 1938, 52 Stat. 940, § 7, 11 U.S.C.A. § 1 note. (Chandler Act).

A landlord's lien obtained by distraint prior to bankruptcy is not one "obtained through legal proceedings" and is therefore not divested by § 67, sub. f, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. f, upon the happening of the tenant's bankruptcy within four months. Henderson, Trustee, etc., v. Mayer, 225 U.S. 631, 638, 32 S.Ct. 699, 56 L.Ed. 1233; In re West Side Paper Co., 3 Cir., 162 F. 110, 112, 15 Ann.Cas. 384; In re Abbruzzo, D.C.Pa., 276 F. 404, 406; and In re C. J. Rowe & Bros., Inc., D.C.Pa., 18 F.2d 658, 659, 660. A lien, thus valid at the time of bankruptcy, is protected by § 67, sub. d, of the Act, and is entitled to preferred payment out of the encumbered property. Shalet v. Klauder, 3 Cir., 34 F.2d 594, 596, 597. And, not until specific lien claims have been paid, does the right to priority in distribution among creditors of the bankrupt, under § 64, sub. b, of the Act, 11 U.S.C.A. § 104, sub. b, become operative. In re C. J. Rowe & Bros., Inc., supra, 18 F.2d at page 660; and In re Howell & King Co., Inc., D.C.Pa., 16 F.Supp. 984, 985. But the protection afforded by § 67, sub. d, of the Act requires that there be good faith in the giving or acceptance (i. e. the perfecting) of the lien. With that in mind, reference to the record in this case discloses that the landlords deliberately attempted to obtain a lien on the goods and chattels of the tenant for far more than was then actually due and owing as rent on any justifiable basis. Whether they so acted in furtherance of an intent to position themselves more advantageously, in the event of the tenant's bankruptcy, in fraud of the Bankruptcy Act, for which the lien would be dissolved by § 67, sub. c, it is unnecessary to decide for present purposes. The excessive distraint of itself rendered the landlords liable in damages to the tenant under the law of Pennsylvania (Stat. of Marlbridge, 52 Henry III c. 4, 3 Bin., Pa., 600) without the necessity of the tenant's showing malice on the part of the landlord or want of probable cause. McElroy v. Dice, 17 Pa. 163, 168. This absolute right of action legally conferred upon a tenant implies a duty on the part of the landlord not to distrain for more than is due. One cannot be deemed to be acting in good faith when he knowingly perpetrates a breach of his legal duty. The landlords, therefore, forfeited their right to any lien, cognizable in bankruptcy, based upon the excessive distraint and their right to priority of payment for the rent actually due must be determined as if the warrant had never been issued.

The filing of the petition in bankruptcy was equivalent to the issuance of an execution against the tenant. Longstreth v. Pennock, 20 Wall. 575, 87 U.S.

575, 576, 22 L.Ed. 451; Bennett's Estate et al. v. Sproul, supra; Rosenblum v. Uber, 3 Cir., 256 F. 584; and In re W. R. Kuhn Co. (Kuhn v. Fell), 3 Cir., 225 F. 13. With bankruptcy (i. e. execution) occurring, the Pennsylvania Act of June 16, 1836, P.L. 755, § 83, 68 P.S. § 321, gives the landlord, although distraint has not been made, a right to prior satisfaction out of the goods and chattels on the demised property for the rent due at the time of the execution (bankruptcy) not exceeding one year's rent. This right under State law is recognized and allowed in bankruptcy under § 64, sub. b, cl. 7, of the Bankruptcy Act. Rosenblum v. Uber, supra; and Bennett's Estate v. Sproul, supra. But the priority of payment thus accorded the landlords is junior to the payment of wage claimants, which is provided for by § 64, sub. b, cl. 5. The order below therefore rightly directed the payment of the wage claims before payment of the rent due the landlords. Cf. § 64, sub. a, and § 67, sub. c, of the Chandler Act, 52 Stat. 874, 877, 11 U.S.C.A. § 104, sub. a, and § 107, sub. c. Consequently, we find no merit in any of the contentions of the appellant landlords at No. 7057.

Appeal of David Schein Company, Inc., a Creditor, Joined Therein by B. Frank Snyder, Trustee in Bankruptcy.

The Schein Company and the Trustee, as appellants, contend that the court below erred in awarding to the landlords all of the machinery placed on the demised property by the lessee. The rights of the parties in this connection depend upon the meaning of the covenant in the lease which required the lessee "To keep the machinery and equipment of the mill in good condition and to renew and replace worn out and/or antiquated machinery as it becomes necessary, all replacements or additions to machinery or equipment to become and be the property of the Lessors."

The special master found that all of the machinery installed in the plant by the lessee was particularly adapted to the business. He concluded, therefore, that it was a part of the freehold and, as such, the property of the landlords. While the finding, which the court below approved, is binding on appeal, the conclusion of law is open to review.

The clause with respect to the ownership of the "replacements or additions to machinery or equipment" is dependent upon the preceding primary obligation to keep the machinery and equipment of the mill in good condition and to renew and replace worn out or antiquated machinery. What this undertaking on the part of the lessee required in the way of renewals or replacements to existing machinery and equipment supplies the identity of such as was to become the property of the lessors. To give the clause any greater effect would be to enlarge its scope beyond its grammatical importance. Second Ave. Tr. Co. v. United Traction Co., 328 Pa. 257, 260, 195 A. 25. It would, moreover, require departure from the cardinal rule of construction that any doubt, uncertainty or ambiguity in a lease is to be construed most strongly against the lessor and in favor of the lessee. General Realty Co. v. Gold, 293 Pa. 260, 261, 142 A. 279; McClintock & Irvine Co. v. Ætna Explosives Co., 260 Pa. 191, 195, 103 A. 622, Ann.Cas.1918E, 1078; Lindsay Brothers, Inc., v. Curtis Publishing Co., 236 Pa. 229, 234, 84 A. 783, 42 L.R.A.,N.S., 546; Conneaut Lake Ice Co. v. Quigley, 225 Pa. 605, 613, 74 A. 648. The application of this rule is peculiarly appropriate in a case such as the present where the landlords drew the lease. Alcorn Combustion Co. v. Kellogg Co., 311 Pa. 270, 274, 166 A. 862; Coates v. Cotteral, 290 Pa. 237, 242, 138 A. 756. In recognized relaxation of the rule at common law as to fixtures, it is a tenant's right in Pennsylvania to remove, at any time during a term, trade fixtures which he has placed upon leased property. Robinson v. Harrison, 237 Pa. 613, 614, 85 A. 879. This right, which is incident to the relationship of landlord and tenant, is not to be influenced by the rigor of the rule as to fixtures in the case of vendor and vendee or mortgagor and mortgagee. Prudential Insurance Co. v. Kaplan, 330 Pa. 33, 35, 198 A. 68. See, also, In re Shelar, D.C., 21 F.2d 136, 138. Such being the tenant's right, it would require plain terms in the lease expressive of a clear intent that all of the machinery placed on the leased premises was to become the property of the lessors before the latter's contention could be adopted. The lease in the present case, however, expresses no such clear intent.

226

We conclude therefore that only so much of the machinery or equipment as the lessee placed on the premises in fulfillment of its covenant, as herein construed, became the property of the landlords.

Accordingly, the order of the court below is modified by striking therefrom so much as awards to the landlords, as their property, all of the machinery which the lessee had placed in the plant; and, as thus modified, the order of the District Court is affirmed with directions that further hearing be had for the determination and award to the landlords of the items of machinery and equipment which the lessee placed on the premises in fulfillment of its covenant to keep the mill in good condition and to renew and replace worn out or antiquated machinery.