## Medvidovich v. Sterner et ux.

*Samuel J. Goldstein*, for plaintiff.

*Frank Reish* and *Ludvic Zupancic*, for defendants.

EGAN, J., May 15, 1944.—A confessed judgment cannot stand if it exceeds the power conferred in the instrument authorizing its entry. Such a judgment must rest on a foundation that will support it after

the closest scrutiny, and one cannot take for granted that the use of a printed bookseller's form will eliminate subsequent attacks designed to strike the judgment from the record. Where the warrant of attorney "empowers any attorney of any court within the United States or elsewhere to appear for tenant, and with or without declaration, confess judgment against tenant, etc. . . ." judgment cannot be confessed without a declaration where a sum certain is not set forth in the said instrument but can be arrived at only after a default in the payment of rent or a breach of covenant by the tenant. A declaration is required in which the default in the payment of rent is clearly set forth, including the amount due by reason of said default, or an averment of the covenant in the lease which the landlord claims was broken, together with a further averment setting forth the nature of the alleged breach.

In this case, on October 22, 1943, plaintiff, through his attorney, entered judgment against said defendants in the amount of $650, alleging debt in the amount of $600 and $50 attorney's commission. To enter said judgment the lease, together with a narr, was filed and on the same date the writ of fieri facias at the above number and term issued to the Sheriff of Allegheny County, who levied on all the personal property of defendants, including some fifty-seven head of livestock. On the day before that set for the sale, on petition of defendants, a rule was granted to show cause why the said judgment should not be stricken off and all proceedings stayed.

The said lease contains various covenants on the part of the tenant, some printed and others inserted by typewriter. In them the tenant covenants to prune and cultivate the grapes and vineyards, to keep the orchard and fruit trees properly trimmed, to keep all fences in good condition and replace broken glass in the building, etc., and the clause in the lease authorizing a confession of judgment is in this language:

"For value received and forthwith on every default of payment of rent by tenant, or on any and every breach of covenant, herein, the tenant hereby empowers any attorney, of any court within the United States or elsewhere, to appear for tenant and with or without declaration filed, confess judgment against tenant, and in favor of said lessor, his executors, administrators or assigns, as of any term *for the sum due by reason of said default or breach of covenant,* with costs of suit and attorney's commission of fifty dollars for collection and release of all arrears, and without stay of execution and inquisition and extension upon any levy upon real estate is hereby waived, and condemnation agreed to." (Italics supplied.)

The rule must be made absolute due to plaintiff's failure to aver either a default in the payment of the rent or a breach of any covenant contained in the lease. It is clear that judgment can be confessed only "for the sum due by reason of said default or breach of covenant" and there is nothing in the narr showing the source of the debt of $600 for which judgment was confessed. Where the authority to enter judgment is dependent upon some act or omission of the defendant there must be an averment of such default or delinquency before a valid judgment can be entered: Advance-Rumely Thresher Co., Inc., v. Frederick, 98 Pa. Superior Ct. 560. In the narr filed in this case it is stated that the sum of $600 is for rent, but there is no averment of any default in the payment of rent or any breach of covenant by defendants, and in the lease there is nothing said in the confession of judgment clause authorizing the confession of judgment for rent for the balance of the term which might become payable in advance. In this respect the case is similar to General Realty Co. v. Gold, 293 Pa. 260 (incorrectly reported as a rule to open judgment). In that case the Supreme Court affirmed the action of the lower court in striking off a judgment entered on a lease. See also Jordan v. Kirschner, 94 Pa. Superior Ct. 252, Kolf v.

Lieberman et al., 282 Pa. 479, and Harwood, to use, v. Bruhn et ux., 313 Pa. 337.

The rule to strike off the judgment will be made absolute.