O. T. Lyon v. Max Elser et al.

No. 6282.

**1. Lumberman's Lien.**—The record of a note August 27, 1884, reciting that it was "in settlement for account for lumber due January 1, 1884," and bearing date June 26, 1884, and payable sixty days thereafter, does not fix the material man's lien.

**2. Same.**—A parol declaration by the owner of land upon which improvements have been built that a material man's lien already existed upon the land and improvements does not create such lien against one taking a subsequent lien.

Appeal from Hill. Tried below before Hon. J. M. Hall.

This is an appeal from a judgment final for the defendant on demurrer to the petition. The petition set up in detail the facts relied upon for title by the plaintiff and the facts constituting the title of the defendant.

The plaintiff claimed under proceedings enforcing to judgment and sale a supposed lien under facts set out in the head notes. The defendant was shown to claim under a valid execution sale of the property.

A. P. McKinnon and J. G. Abney, for appellant, cited Warren v. Smith, 44 Texas, 245; Read v. Gillespie, 64 Texas, 42; Bishop on Con.,

sec. 673; Mundine v. Berwin, 62 Texas, 341; Pool v. Wedemeyer, 56 Texas, 287; Wait's Acts. and Def., vol. 3, p. 428; Id., vol. 6, p. 681; Lott v. Kaiser, 61 Texas, 665; Mix v. Ely, 2 Greene (Iowa), 513.

*Tarlton & Jordan*, for appellees, cited Lyon v. Ozee, 66 Texas, 96; Bertrand v. Bingham, 13 Texas, 266; Swain v. Cato, 34 Texas, 395.

Walker, Associate Justice.—Under the Constitution of the State, article 16, section 37, mechanics and material men have a lien upon the buildings made by them for the labor or materials furnished; and the Legislature is enjoined to provide by law for the speedy and efficient enforcement of them.

Article 3165, Revised Statutes, under which the claim of plaintiff is asserted, prescribed that "in order to fix and secure the lien herein provided for, the person or firm, * * * artisan, or lumber dealer furnishing material shall have the right at any time within six months after such debt becomes due to file his contract in the office of the county clerk * * * and cause the same to be recorded in a book to be kept by the county clerk for that purpose."

Article 3166 provided for the record of "a sworn account" when there was no written contract.

In this case Lyon's account was due January 1, 1884. There was no contract in writing for the lumber. The law gave six months within which he could file "a sworn account" and thereby fix his lien and evidence of it. This was never done.

June 26, 1884, plaintiff took a note from the owner of the house due sixty days thereafter, "in settlement for account for lumber due January 1, 1884." This note was recorded August 27 thereafter in the lien book kept by the county clerk.

"It has been held by this court that the written contract to be filed for record to secure a lien of this kind is one by virtue of which the material has been furnished, and not any subsequent contract entered into between the parties in respect to the matter." 60 Texas, 70, Reese v. Corlew; 66 Texas, 96, Lyon v. Ozee; 46 Texas, 599, Tinsley v. Boykin. And that a failure to record such "sworn account" in case of verbal contract within six months has the effect of abandoning the lien. 66 Texas, 95.

Appellant cites in support of his claim to lien under the facts the case of Mundine v. Berwin, 62 Texas, 342, but the contract there of itself gave a lien. It was of no consequence that it was called a mechanic's lien. In the case here the note made by Eastland seems to negative the existence of the lien. It recites that the note is in settlement of the account. It did not preserve the lien. Nor did Eastland's willingness that the lien should be valid, as expressed to the attorney Jordan when drawing

up the deed of trust to Ware for the benefit of Elser, have the legal effect of continuing its existence when lost by failure to comply with the statute.

The petition states facts which would defeat the right of plaintiff to recover under his title as alleged. At the making of the trust deed and at the rendition of the judgment in favor of Bird & Bragg, under both of which it is alleged the defendant holds, there was no valid lien upon the property in favor of plaintiff. His subsequent suit and decree of foreclosure against Eastland alone and purchase under it did not confer title against Elser.

The demurrer and exceptions were properly sustained.

*Affirmed.*

Opinion December 14, 1888.