## Robinson, Appellant, *v.* Harrison.

*Lease—Oil and gas lease—Trade fixtures—Removal of fixtures during term.*

1. The casing in an oil or gas well on a leasehold, the derricks and the other necessary appliances and machinery for pumping the well, are trade fixtures, and can be removed by the owner or lessee during the term of the lease.

2. The right of a tenant to remove such fixtures does not arise from an express grant, but from an implied one that the fixtures were placed on the leased premises to enable the lessee to use and enjoy them during the term, and then to remove them.

3. When a tenant, having trade fixtures on the premises, secures a new lease in the nature of an extension without any reservation of the right to remove the fixtures, the tenant may keep the fixtures on the premises without giving the landlord the right to restrain their removal at or before the expiration of the second lease.

Argued Oct. 9, 1912. Appeal, No. 94, Oct. T., 1912, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1910, No. 54, on verdict for defendant by direction in case of C. P. Robinson v. J. M. Harrison. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on an oil lease.

At the trial the jury returned a verdict for defendant.

On motion for a new trial PATTON, P. J., filed the following opinion:

On the 15th day of August, 1895, the plaintiff leased to the defendant a tract of land in Hovey Township, Armstrong County, for the term of fifteen years, for the purpose of producing oil. For the purpose of carrying out the terms of the agreement the lessee erected derricks, drilled wells, tubed and cased them, and furnished the necessary appliances and machinery to pump them, and produced oil therefrom until the 3rd day of August, 1910, when on account of some misunderstanding with his landlord, he pulled the tubing and casing, plugged the wells, and removed all his fixtures and machinery from the leasehold. All this was done prior to the expiration of the lease, to wit, before August 15th, 1910.

This action was instituted by the plaintiff to recover damages alleged to have been sustained by him for the above mentioned grievances. We held at the close of the testimony, and are still of the opinion, that under the principles of elementary law, and the authorities of our appellate courts, that the plaintiff was not entitled to recover.

While under the common law, whatever was annexed to the freehold became in legal contemplation a part of it, the development of manufacturing required the rule to be relaxed and it is now the well settled law that the tenant for years who erects fixtures for the benefit of his trade or business, may at any time during the term remove them from the demised premises. This principle is one of public policy and has its foundation in the interests which society has, that every person shall be encouraged to make the most beneficial use of his property. But we need not generalize. We have decisions directly upon the point now before us. In Shellar v. Shivers, 171 Pa. 569, Judge McILVAINE, in a case affirmed Per Curiam, by the Supreme Court said, "I do not think there can be any doubt that the casing in an oil or gas well, the derrick and other appliances used in operating it, are trade fixtures, and can be removed by the owner or lessee during the term of the lease."

In Titusville Novelty Iron Works' App., 77 Pa. 103, a levy on the lessee's interest in the derrick, boiler and tubing, casing, etc., was held to be good. In Thornton on Oil and Gas, Section 576, citing as authority Siller v. Globe Window Glass Company, 21 Ohio C. C. 284, "A lessee of land, to bore for oil who does not find any oil, has the right to remove not only the machinery used in sinking the wells, but also the casing in the wells, unless there is a contract to the contrary concerning their removal."

I think the law is clear that in the absence of an express contract, as to such trade fixtures as are involved in this case, there is an implied contract that the tenant may remove them, if done at a proper time, and in a proper manner. The proper time is before the expiration of the lease, and the proper manner so far as the tubing and casing is concerned is as provided by the Act of Assembly of June 10, 1881, P. L. 110, all of which was done in this case. To reach any other conclusion would be contrary to the settled custom and usages of the oil trade.

The plaintiff seeks to evade the force of the above decisions and principles, by arguing that that portion of the agreement of 1 June, 1895, that provides: "That all rights and privileges not expressly granted in this lease are reserved and excepted therefrom," restrains the defendant from removing the fixtures. But as we have already seen the right of the tenant to remove the trade fixtures does not arise from an express grant but from an implied one that the fixtures were placed on the leased premises to enable the lessee to use and enjoy them during the term, and then to remove them.

The case of Jermyn v. Dickson, 3 Luzerne Legal Register 100, does not apply to the facts of this case. In that case it is stated by the learned judge that wrote the opinion that it "must be ruled by the special contract between the parties, and does not present the ordinary case of fixtures put in by a tenant."

Nor do we think the plaintiff can rely upon the fact that the defendant originally entered into possession of a part of the premises under a former lease. In Radey v. McCurdy, 209 Pa. 306, it is held, "When a tenant having trade fixtures on the premises, secures a new lease in the nature of an extension of the old lease, and the new lease contains no reservations of the right to remove the fixtures, the tenant may keep the fixtures on the premises without giving the landlord the right to restrain their removal, at or before the expiration of the second lease."

And now, February 7th, 1912, the motion for a new trial is refused and judgment directed to be entered upon the verdict upon payment of jury fee.

*Error assigned* was in directing a verdict for defendant.

*C. P. Robinson* and *Orr Buffington,* for appellant.

*C. E. Harrington,* with him *J. H. Painter,* for appellee.

Per Curiam, November 7, 1912:

The judgment is affirmed on the opinion of the learned judge of the Common Pleas.