## MOORE et al. v. CAREY BROS. OIL CO. et al.  (No. 10040.) *

(Court of Civil Appeals of Texas. Fort Worth. Dec. 16, 1922.)

**1. Mechanics' liens ⊂⊃197—Purchaser before lien fixed takes subject to lien.**

One who purchases property and pays value therefor without actual notice of the claim of others as to labor or materialmen's liens before the time has expired in which to fix the lien, takes the property subject to such lien, under Rev. St. art. 5628.

**2. Fixtures ⊂⊃15—Casings and machinery held trade fixtures.**

Casings, machinery, and appliances used in the drilling or operating of a well are trade fixtures and subject to removal.

**3. Mechanics' liens ⊂⊃136(1)—Affidavit need not describe land on which personalty situated.**

In a materialman's lien upon personal property, the affidavit under Rev. St. art. 5624, need not contain a description of the land upon which the personal property is located.

Appeal from District Court, Wichita County.

On motion for rehearing. Motion conditionally overruled.

For former opinion, see 246 S. W. 1083.

BUCK, J. Appellants present a very vigorous and able motion for rehearing. In considering the same, we have not had the assistance of any answer to the motion by appellees. In this connection, we feel it proper to say that generally litigants who win out on the original hearing of a case in this court do not pay any attention to points raised in a motion for rehearing. Oftentimes many serious questions are presented in a motion for rehearing, and the court would appreciate a consideration and discussion of such questions by the opposite party.

[1] Appellants urge that by the great weight of authority, where one purchases property and pays value therefor and had no notice, either actual or constructive, of the claim of others as to labor or mechanics' liens, even though the time had not expired, provided by the statutes in which to fix the lien, he is an innocent purchaser and takes the property clear of such liens. They cite the case of Odom v. Loomis et al., 1 White & W. Civ. Cas. Ct. App. § 524, in which the following is said:

"The lien given by our statute is binding against the party to whom the material is furnished or the work done; but the statute cannot be construed so as to bind the property in the hands of a bona fide purchaser for value, without notice of such lien upon it. Although the property was purchased within six months

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted February 14, 1923.

after the maturing of the debt. If the creditor party desires to make good his lien against subsequent purchasers he should put them upon notice by placing his lien upon record as provided by law."

This case was decided October 12, 1878, under the 1871 laws with reference to fixing and enforcing a mechanic's lien. See Gammel's Laws of Texas, vol. 7, p. 30, c. 34. Said act reads, in part, as follows:

"* * * When such contract or account is filed and recorded, it shall be deemed sufficient diligence to fix the same from the date it is filed for record, and secure the lien herein provided."

Thus it will be seen that the act of 1871 specifically provided that no lien obtained as to subsequent purchasers of property before the filing of a contract or account in the office of the district clerk of the county where the property was located upon which the lien was sought to be fixed. But the present statute with reference to such liens provides that, upon the fixing of the lien by filing the contract or account with the county clerk within the four months after the labor is performed or the material furnished, the protection therein afforded shall date back to the inception of the lien, and shall be superior to all other liens attempted to be fixed on the property subsequent to the furnishing of the material or performance of the labor. See article 5628, Rev. Civ. Statutes; Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790. Hence, we conclude that Odom v. Loomis et al. is not pertinent. Appellants also cite in support of this contention a quotation from 39 Cyc. p. 1777, and some Georgia decisions thereunder. But while we have read the decisions therein cited, we have not access to the Georgia statutes upon which they are based, and therefore cannot determine whether there is any real conflict between the decisions of the Georgia court and this court. The quotation from Gully v. Nystel (Tex. Civ. App.) 233 S. W. 122, in which Judge Jenkins speaking for the Austin Court of Civil Appeals, uses some language apparently in conflict with the holding in the present case upon original hearing, is at most obiter dicta, and therefore we do not think presents any conflict. In our judgment, a purchaser of property is charged with notice of a probable mechanic's or laborer's lien upon the property so purchased, and it is his duty, if he desires to be protected from the enforcement of such a lien within the time prescribed under the statutes, to investigate whether or not any labor has been performed or material furnished within the statutory period for which payment has not been made.

Appellants insist that the facts show that the casing in question, when delivered by appellees to the Oklahoma-Texas Petroleum Company, was placed in a well, and it thereby became a fixture. In 2 Thornton on Oil and Gas, p. 904, § 653, it is said:

"A lessee of land, to bore for oil, who does not find any oil, has a right to remove not only the machinery used in sinking the well but also the casings in the wells, unless there be a contract to the contrary concerning their removal."

In 26 Corpus Juris, p. 701, § 87, it is said:

"An article may be regarded as a trade fixture if annexed for the purpose of aiding in the conduct by the tenant of a calling exercised on the leased premises for the purpose of pecuniary profit, provided, in some jurisdictions, the calling is not exclusively agricultural in its nature; and that the article has also the qualities of a domestic or agricultural fixture is immaterial in this regard."

[2] Casing and machinery and appliances used in drilling or operating a well are held to be trade fixtures and subject to removal. Perry v. Acme Oil Co., 44 Ind. App. 207, 88 N. E. 859; Siler v. Glass Co., 21 Ohio Cir. Ct. R. 284; Robinson v. Harrison, 237 Pa. 613, 85 Atl. 879, and other cases cited in 26 Corpus Juris, p. 702, note 97; 11 R. C. L. p. 1085, § 28.

Morrison-De Soto on Oil and Gas Rights, p. 180, says:

"The casing may or may not be a removable fixture. The lessee has no right to remove it where it would render the well valueless and the lessor may protect himself by injunction. Myers v. Shertzer, 82 Kan. 275, 108 Pac. 105. * * * But in Shellar v. Shivers, 171 Pa. 569, 33 Atl. 95, 18 M. R. 260, the casing was held to be a trade fixture and removable if removed in time."

We think that we cannot disturb the finding of the trial court that the casing was and remained at all times personal property, and hence never became subject to the deed of trust lien executed by the petroleum company to Munn and Chauncey, and therefore the title to said casing did not pass under the trustee's sale to appellants.

[3] Appellants also urge that the statute requires that one who attempts to fix a materialman's lien upon personal property must describe not only the personal property but the realty upon which the personal property is located. They refer to article 5624, Rev. Civ. Statutes, which gives a form of affidavit to be used by one seeking to obtain the benefit of chapter 2, title 86, of the Statutes. In this affidavit it provides that not only the house or improvements should be described but the tract or lot of land upon which said house or improvements is located. We do not think that the description of the land upon which the personal property is located is required to be described, in order to fix a lien upon the personal property alone. The form of the affidavit in article 5624 contem-

plated that the mechanic or materialman would seek to fix a lien both upon the personal property and the real estate upon which it was located, and to do this a description of both was provided for. In the agreed statement of facts, given in the court's findings of fact, this statement is found:

"It is agreed by the parties hereto that neither the said W. C. Munn, W. B. Chauncey, or the defendants W. M. Moore and J. P. McKinney, knew of any claim which the plaintiffs held against the Oklahoma-Texas Petroleum Company at the time of the trustee's sale above mentioned, and had no notice of same until the above-mentioned claim was filed for record on September 10, A. D. 1920, at 8:50 o'clock a. m."

The casing was sold by the appellants subsequent to September 10, 1920. Therefore appellants knew before they sold the casing that appellees were claiming a lien upon that casing, and, inasmuch as the deed of trust lien did not cover or include this casing, regarded as personalty, we think that the judgment against the appellants for the reasonable value of the casing at the time it was sold should be sustained.

Appellants also question that part of the judgment of the trial court which awarded against them the cost incurred by appellees in making the Oklahoma-Texas Petroleum Company a party, and the $10 attorney's fee awarded the attorney appointed to represent the nonresident defendant. We were inclined to consider this item too trivial to require a reversal, or even a remittitur, but, in view of the appellants' continued insistence as to this item, we will require a remittitur of the same as a prerequisite to our overruling the motion for rehearing.

If this remittitur is filed within ten days, the motion for rehearing will be overruled, otherwise the judgment will be reversed, and the cause remanded.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 4, 1923.