In re BOSTON et al.

No. 679.

United States District Court,
N. D. Texas, Lubbock Division.
June 20, 1949.

Nelson & McCleskey, Lubbock, Texas, for the Trustee.

Carr & Carr, Lubbock, Texas, for claimants.

DOOLEY, District Judge.

Two claimants have filed proof in above cause on claims for labor and parts done and furnished at request of the bankrupt in the repair of certain motor vehicles belonging to the bankrupt, and same were presented as secured debts under Art. 16, Sec. 37, of the Constitution of Texas, Vernon's Ann.St.[1] The trustee contested the alleged lien security of said claims. The Referee allowed same as secured claims, and the Trustee filed a petition for review of the Referee's action.

The parties is an agreed statement of facts have stipulated that the claims in question cover just and unpaid debts, incurred within less than 90 days before the filing of the petition in bankruptcy, and that the claims were filed in the time and manner prescribed by law; that the motor vehicles in question were in the sole possession custody and control of the bankrupt at the time the petition in bankruptcy was filed; that none of the certificates of title to said motor vehicles had noted thereon any lien for said debts respectively at the time of the filing of the petition in bankruptcy; that no written claim of such lien debt or debts was ever filed in the office of the County Clerk; that the Trustee had no actual notice of said lien claims before the time said claims were filed herein.

It is doubtful whether the general mechanic's lien statutes of Texas, requiring record to safeguard the lien, have any application to a constitutional lien on personal property[2], but be that as it may, the Certificate of Title Act of Texas, does render liens on motor vehicles unenforceable against third parties without actual knowledge, or against creditors of the owner, unless a notation of the lien is made on the certificate of title[3], and as to motor vehicles this statute has superseded other laws governing the requirements for notice of liens on personal property against creditors or innocent purchasers.[4] It may be assumed for present purposes that the said Certificate of Title Act, as a registration or notice statute, is subject to the general rule

---

[1] "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

[2] City National Bank of Wichita Falls v. Laughlin, Tex.Civ.App., 210 S.W. 617; Wichita Falls Sash & Door Co. v. Jackson, Tex.Civ.App., 203 S.W. 100.

[3] Art. 1436—1, Vernon's Penal Code of Texas:

"Sec. 3. The term 'lien' means * * * any lien created or given by Constitution or Statute."

"Sec. 44. No lien on any motor vehicle * * * shall be valid as against third parties without actual knowledge thereof, * * * unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act."

"Sec. 46. Only liens noted on a receipt or certificate of title shall be valid as against creditors of the mortgagor in so far as concerns the motor vehicle."

[4] Commercial Credit Co., Inc. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834; Dublin Nat. Bank v. Chastain, Tex. Civ.App., 167 S.W.2d 795.

of construction that the term "creditors" when used in such statutes means creditors holding a lien either by contract or some process of law.[5]

The National Bankruptcy Act, Sec. 70, sub. c, 11 U.S.C.A. § 110, sub. c provides: "The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy * * * shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings," and by force of the Trustee's said statutory armor as a lien creditor, and the lack of any lien notation in the certificates of title to the motor vehicles in question, the Trustee took title paramount to the constitutional lien of the mechanic's claims.[6]

The order of the Referee, so far as same upheld the alleged liens of the claimants, is vacated, and said claimants shall be classed as unsecured creditors.

---

[5] Janney v. Bell, 4 Cir., 111 F.2d 103.
[6] In re Urban, 7 Cir., 136 F.2d 296; Robbins v. Bostian, 8 Cir., 138 F.2d 622; In re Chappell, D.C., 77 F.Supp. 573;

In re Myers Motor Sales Co., D.C., 1 F. Supp. 509; Bova v. Wyatt, Tex.Civ.App., 140 S.W.2d 601; Alsbury v. Alsbury, Tex.Civ.App., 211 S.W. 650.