In re BOOTS BUILDERS, INC., Debtor.

**BOOTS BUILDERS, INC., et al., Plaintiff,**

v.

**HOBSON AIR CONDITIONING, INC., Defendant.**

**Bankruptcy No. 480–00123.
Adv. No. 481–0061.**

United States Bankruptcy Court, N. D. Texas, Fort Worth Division.

June 9, 1981.

 

Clifford F. McMaster, Fort Worth, Tex., for Boots.

William Burdock, Saginaw, Tex., for First Bank of Saginaw.

J. Steven King, Fort Worth, Tex., for Hobson.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN FLOWERS, Bankruptcy Judge.

Pursuant to Rule 52 Federal Rules of Civil Procedure, the Court makes the following findings and conclusions:

### FINDINGS OF FACT

1. The Defendant, Hobson Air Conditioning, Inc. supplied labor and materials to install an air conditioning system in a house owned by Plaintiff, Boots Builders, Inc. The work was completed in January 1980. Defendant has not been paid and is currently owed $11,686.05.

2. On May 2, 1980, within 120 days of completion of the work, Defendant filed a notice of a Mechanic's and Materialman's lien in the appropriate records in Tarrant County, Texas.

3. On January 26, 1981, after expiration of 120 days from the date of completion of the work, Defendant filed a second notice of lien claim.

4. (a) The description of the real property to which the work was done and material furnished contained in the notice of lien claim filed on May 2, 1980, is as follows:

"2 Story Dwelling

Block 1, Lot A8 Meacham Brants

(Rt. 10, Box 652AC)," and

(b) The name of the owner of the property upon which the lien is claimed is shown to be John H. Gibbs and the owner of the improvements is listed as Randy Toomer.

5. Plaintiff filed this bankruptcy case on March 31, 1980.

6. (a) In the second notice of lien claim filed January 26, 1981 the property description is:

"2 Story Dwelling

Lots A1H, A1D, being .76 acres, Meacham Brants Addition, Tarrant County, Texas Warranty Deed recorded Vol. 6758, pg. 573, 6–22–79",

(b) the owner of the property is shown to be "Randy Toomer, DBA Boots Bldrs.," and

(c) it is recited on the face of the instrument that it is in lieu of the lien affidavit filed May 2, 1980 and is filed for the purpose of correcting the legal description and builder/owner.

7. The portion of the description in the May 2, 1980 notice of lien claim, "Block 1, Lot A8, Meacham Brants Addition," more nearly describes a tract of land other than the one on which the labor and materials were furnished by Defendant.

8. The mailing address of the debtor, Boots Builders, Inc. is correctly shown in the notice of lien claim filed on May 2, 1980 as Route 10, Box 652AC.

9. No evidence was introduced to show whether Box 652AC on Route 10 is actually located on the real property where the work was performed or whether the post office upon inquiry can or will advise the physical location of the route and box. Independent of an inquiry of the post office a person familiar with the area could not through reasonable effort physically locate the property by the route and box number.

10. No evidence was introduced to show the air conditioning system was specifically manufactured for installation upon the property in issue.

11. The following property which was installed by the Defendant is easily removable without damage to it or to the realty: air conditioning units, furnaces, humidifiers, thermal pump and electronic air cleaner. The value of this property is $5,000.00.

## CONCLUSIONS OF LAW

Although as a general rule, the Bankruptcy Code permits the trustee (or debtor-in-possession) to avoid liens which are unperfected on the date the debtor's petition is filed, such avoidance power is subject to any generally applicable law that permits perfection of a lien to be effective against an entity that acquires rights in the property before the date of perfection, 11 U.S.C. § 546(b).

In Texas, bona fide purchasers have constructive notice of a mechanic's or materialman's right to file a lien affidavit within the period provided by statute. See *Wood v. Barnes*, 420 S.W.2d 425 (Tex.Civ. App.—Dallas, 1967), writ refd., NRE. The liens, if properly filed, relate back to the inception of the contract, and if the contract precedes the transfer to the bona fide purchaser, such lien is enforceable against the purchaser. *Oriental Hotel Co. v. Griffeths*, 88 Tex. 574, 33 S.W. 652 (1895); *Wood*, supra.

Art. 5453, V.T.C.S. sets forth the procedure by which a mechanic's or materialman's lien is to be secured. The Defendant, an original contractor, was required to file his lien affidavit in the Tarrant County Clerk's records within 120 days of the accrual of the indebtedness as defined in art. 5467(1)(b). The lien affidavit must in substance comply with the provisions of art. 5455 and must contain a description of the property sought to be charged with the lien legally sufficient for identification, art. 5455(e).

It is a long standing rule in Texas that if the property description is sufficient to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient, *Scholes v. Hughes*, 77 Tex. 482, 14 S.W. 148 (1890); *Myers v. Houston*, 88 Tex. 126, 30 S.W. 912 (1895). In *Scholes*, supra, the court held the following description sufficient: "The brick City-Hall Building to be erected in the city of Hillsboro." In *Myers*, supra, the court found a description sufficient that described the building surrounding the property upon which the claimant asserted the lien.

Here the dispute regarding the validity of Defendant's alleged statutory mechanic's lien revolves around the description in the first notice, which was timely filed. Plaintiff concedes the description in the second

notice is adequate because of the reference to the recording information of a deed containing an accurate description. However the second notice was not timely filed.

■ The timely filed lien affidavit of Defendant contains the following property description: "2 Story Dwelling, Block 1, Lot A8, Meacham Brants Addition (Rt. 10, Box 652AC)." The evidence reflects that the property description more accurately describes property in the Meacham Brants Addition other than the property upon which the Defendant installed the heating and air conditioning system. Consequently the property description does not describe the premises intended to be described to the *exclusion* of others.

■ The property description contains a rural route and box number. In the case of contractual mechanic's liens, it has been held that an urban street address description is sufficient between the immediate parties to the contract where they both understood it referred to the property in issue, see *Ross v. Fort Worth Natl Bank*, 30 S.W.2d 518 (Tex.Civ.App.—Ft. Worth, 1930), writ refd. Here there was no evidence that the rural route and box number was actually located on the realty in question, or that the number would enable a person familiar with the locality to identify the premises with reasonable certainty. Consequently I hold that the Defendant did not perfect its statutory mechanic's lien upon the property in question within 120 days of the date of the accrual of the indebtedness.

■ Defendant's second contention is that it has a valid constitutional lien on the realty under Article 16 § 37 of the Texas Constitution. The Constitution grants a mechanic's lien for which no recording is necessary. The legislature by statute has expanded the coverage and provided a procedure to perfect statutory liens. The law is well established that a bona fide purchaser takes property free of constitutional liens, unless the liens have been perfected in the manner provided by statute, *Lyon v. Elser*, 72 Tex. 304, 12 S.W. 177 (1888);

*Strang v. Pray*, 89 Tex. 525, 35 S.W. 1054 (1896). The trustee and the debtor are considered bona fide purchasers of real property, 11 U.S.C. § 544(a)(3) and § 1107(a), and since there has been no perfection under the statute they cut off the Defendant's constitutional lien.

■ Defendant nevertheless argues that it has a constitutional lien which is enforceable as to improvements made to the real property that can be removed without material injury to land and pre-existing improvements. It is true that liens created and perfected according to the mechanic's lien statute are superior to pre-existing liens if the improvements are removable without material injury to the land. V.T. C.S. art. 5459; *First Nat. Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262 (Tex.1974). However, this rule is not applicable to Defendant's lien which arose solely under the provisions of the Texas Constitution because of a failure to comply with the statutory requirements.

Finally Defendant contends that the easily removable items are personal property, and a constitutional lien on personal property is not subject to the recording requirements of the Hardeman Act.

Defendant cites *Moore v. Carey Bros. Oil Co.*, 248 S.W. 470 (Tex.Civ.App.—Fort Worth, 1922, mot. for ref.). Four separate reported opinions were rendered in that case, see also 246 S.W. 1083 (Tex.Civ.App.—Fort Worth, 1922); 269 S.W. 75 (Comm. of App., 1925); 272 S.W. 441 (Comm. of App., 1925, mot. for ref.). The *Moore* case involved a mechanic's lien claim on the oil casing pipes installed in an oil well. The lien claimant asserted a constitutional lien arising under Art. 16 § 37 of the Texas Constitution and asserted that its lien affidavit complied with the mechanic's lien statute. The claimant had filed a lien affidavit which did not describe the realty upon which the oil casings were situated. The realty had been foreclosed upon pursuant to a deed of trust and the purchaser of the realty removed and sold the casing.

A review of the opinions reflects the following legal conclusions: (1) The deed of

trust lien did not attach to the oil casings which were held to be personal property, and consequently their title did not pass to the purchaser at foreclosure; (2) the oil casings were an "article made" and thus within the scope of the liens created by the Texas Constitution; (3) enforcement of a constitutional lien was not conditioned upon compliance with the recording statutes; and (4) in any event the recording of the lien affidavit, although lacking a description of the realty, was sufficient to perfect a lien on the personal property under the mechanic's lien statutes. Consequently the Court held that the purchaser was liable for converting the personal property subject to the claimant's lien.

Several of the holdings in the *Moore* opinions have been overruled by subsequent decisions. To the extent *Moore* holds that liens on personal property may be perfected under the mechanic's lien statutes without reference to a real property description it has been implicitly overruled. In *Whirlpool*, supra, the Court notes that the Hardeman Act "is intended to encompass realty and such personal property as has been incorporated in or consumed in the construction or repair thereof or delivered for such purposes." *Whirlpool*, 517 S.W.2d at 266. See also *In re Boston*, 84 F.Supp. 594 (N.D.Tex.1949) which states: "It is doubtful whether the general mechanic's lien statutes of Texas, requiring record to safeguard the lien, have any application to a constitutional lien on personal property." The fact that the defendant filed a lien affidavit pursuant to art. 5455 is of no relevance on the issue of whether Defendant holds a constitutional lien on any items of personal property.

The holding in *Moore* that the oil casing was an "article made" within the meaning of the constitution provision for mechanic's liens was expressly overruled in *Ball v. Davis*, 18 S.W.2d 1063 (Tex.1929). In *Ball* the Court holds that the mere connection of articles that are completely manufactured does not entitle such effort to the protection of the constitutional lien. A manufacturer is entitled to the protection of the constitutional lien only upon articles made

especially for a purchaser pursuant to a special order and in accordance with the purchaser's plans or specifications, *Whirlpool*, 517 S.W.2d at 268.

■ If a constitutional lien attaches to personal property, it appears that such lien may not be avoided under the trustee's status of a hypothetical lien creditor set forth in 11 U.S.C. § 544(a)(1) & (2). Professor Woodward in *Constitutional Liens on Chattels*, 28 Texas Law Review, 305, 324 (1950) concludes that a constitutional lien on personal property, though unrecorded, is superior to the subsequently acquired liens of creditors. Professor Woodward reasons that lien creditors must look to statutes for priorities over pre-existing claimants as to specific property. Examples of such statutes are V.T.C.S. art. 6627 and Tex.Bus. & Comm.Code art. 9.301, which give lien creditors priority over specified unrecorded conveyances and security interests. In the absence of a statutory priority, the common law "first in time, first in right" rule of priority is applicable. There is no Texas statute which grants lien creditors priority over pre-existing unrecorded constitutional mechanic's liens in personal property. In accord, see *Reeves v. York Engineering and Supply Co.*, 249 F. 513 (5th Cir., 1918) decided under the Bankruptcy Act where a constitutional mechanic's lien on personal property was held valid against the trustee in bankruptcy. Congress in enacting the Code chose to limit the extent of the trustee's (debtor's) avoiding powers by granting the "bona fide purchaser" status only as to real property, consequently the trustee as lien creditor cannot avoid a constitutional lien on personal property.

■ This brings into focus the two remaining issues: (1) are the easily removed articles personal property, and (2) if so are they "articles made" within the meaning of art. 16 § 37 of the Constitution? The answer is no on both counts. In Texas there is a three point test to determine if personalty is so attached to the realty to become a part of it: (1) Has there been a real or constructive annexation of the arti-

cle in question to the realty? (2) Was there a fitness or adaption of the article to uses or purposes of the realty with which it is connected, and (3) Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold? *O'Neil v. Quilter*, 111 Tex. 345, 234 S.W. 528 (1921); *Ruby v. Cambridge Mut. Fire Ins. Co.*, 358 S.W.2d 943 (Tex.Civ.App.—Dallas, 1962, no writ. hist.); 25 Tex.Jur.2d, Fixtures, § 4. Intent is the most important of these elements. Here the defendant installed an air conditioning system in a residential home. The ducts, machinery and various connections are designed to work together to control the interior environment. Such systems are common in home construction and are not designed to be removed wholly or in part, rather they are intended to remain an integral part of the home. Consequently, I hold the entire system when installed was so fixed to become a part of the realty.

■ Whether the system is an "article made" is a more difficult question. With the exception of the ducts, none of the components were specifically manufactured for the plaintiff's home. Yet the Defendant installed the various components, connecting them to each other and electrical connections to create an air conditioning system in the house. However, the Texas Supreme Court in the *Ball* case has adopted a restrictive interpretation of "articles made." In the Court's view the pre-manufactured sections of pipe although attached together and cemented into the ground did not create an "article made." Accordingly, I hold the air conditioning system does not fall within the scope of the liens granted in Art. 16 § 37 of the Texas Constitution.