**In re ERNEST AND ASSOCIATES, INC., Debtor.**

**GREAT SOUTHWEST SUPPLY COMPANY OF TEXAS, INC., Plaintiff,**

**v.**

**ERNEST AND ASSOCIATES, INC., Defendant.**

**Bankruptcy Nos. 1–84–01690–11, 1–85–0039.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

Oct. 24, 1985.

Joe Martinec, Martinec & Hargadon, Austin, Tex., for Ernest and Associates.

Mason Terry, Terry & Terry, Austin, Tex., for Great Southwest Supply.

## MEMORANDUM OPINION

R. GLEN AYERS, Bankruptcy Judge.

### SUMMARY

In this Chapter 11 adversary proceeding, creditor filed a Complaint to Determine Status of Constitutional Lien Claim and Written Objection to Sale of Property requesting the Court to declare a state constitutional mechanic and materialman's lien valid, perfected, and not subject to the trustee's avoidance powers. The Court held that the constitutional lien, although self-executing and properly perfected against the pre-petition owner of real property was, nevertheless, an avoidable encumbrance on realty under the trustee/debtor-in-possession's hypothetical status as a bona fide purchaser of real property under 11 U.S.C. sec. 544(a)(3).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Rule 9014 of the Bankruptcy Rules of Procedure which incorporates Rule 7052 of the Bankruptcy Rules of Procedure, R. Glen Ayers, Bankruptcy Judge for the Western District of Texas, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The facts are not in dispute. On May 16 and 17, 1984, Plaintiff/Movant, Great Southwest Supply Co. of Texas, Inc. ("Supply Co.") provided Defendant/Debtor, Ernest & Associates, Inc. with 750 sheets of gypsum board to be incorporated into improvements constructed on several tracts of real property in Williamson County, Texas owned by Ernest & Associates, Inc. After Supply Co. made a demand for payment on July 11, 1984, Ernest & Associates tendered payment by check on July 20, 1984 for the total amount due and owing. The check tendered was later returned by Ernest & Associates' bank with the notation "insufficient funds." On October 1, 1984, Ernest & Associates, Inc. (now the "Debtor") filed a Chapter 11 petition in bankruptcy. Supply Co.'s claim was properly scheduled in the correct amount. Debtor then filed an Application for Approval of Sale concerning the real property in Williamson County. Supply Co. filed a timely written objection alleging that it held a lien upon the property to be sold.

Supply Co. asserted that, as a materialman, its lien arose by operation of law under art. XVI, sec. 37 of the Texas Constitution. Such a lien was self-executing and, Supply Co. argued, not avoidable under 11 U.S.C. sec. 545. Not incidentally, Supply Co. also alleged a right to receive attorney's fees under TEX.REV.CIV.STAT. ANN. art. 2226 (Vernon Supp.1985).

Finally and most importantly, Supply Co. argued that, on equitable grounds, a debtor-in-possession should not be able to avoid a lien perfected as to a non-debtor merely because bankruptcy had intervened. Debtor asserted that the constitutional lien held by Supply Co. was not perfected pre-petition as to a bona fide purchaser without

notice since, under 11 U.S.C. sec. 544(a)(3), the trustee (or a debtor-in-possession) is a bona fide purchaser. Therefore, the pre-petition validity of the constitutional lien was immaterial and irrelevant to the avoidance power under 11 U.S.C. sec. 544(a)(3). Debtor also argued that because Supply Co.'s lien was avoidable, claimant could not receive attorney's fees.

## CONCLUSIONS OF LAW

The Texas Constitution establishes a lien on a building and land necessary to its enjoyment for materialmen on real estate construction projects for the value of material furnished. *See* TEX. CONST. art. XVI, sec. 37. The constitutional materialman's lien is available only to an original contractor; the claimant must have a direct contractual relationship with the owner. *See Horan v. Frank*, 51 Tex. 401 (1879); *First National Bank of Paris v. Lyon-Gray Lumber Co.*, 194 S.W. 1146 (Tex.Civ.App.-Texarkana 1917), *aff'd* 217 S.W. 133 (1919); *Berry v. McAdams*, 93 Tex. 431, 55 S.W. 1112 (1900).

Additionally, the constitutional materialman's lien is self-executing. Enforcement against the owner does not depend upon compliance with statutory notice and filing requirements. *See Strang v. Pray*, 35 S.W. 1054 (Tex.1896, no writ); *Contract Sales Co. v. Skaggs*, 612 S.W.2d 652 (Tex. Civ.App.-Dallas 1981, no writ).

However, pursuant to Texas law, the constitutional materialman's lien cannot be asserted against a bona fide purchaser for value without notice unless the lien is perfected in the manner provided by statute. *See Oriental Hotel Co. v. Griffith*, 88 Tex.

574, 33 S.W. 652 (1895). The timely filing of the statutory lien affidavit provided for in TEX. PROP. CODE sec. 53.052 (Vernon 1981) constitutes constructive notice, thus defeating a bona fide purchaser claim. *See Wood v. Barnes*, 420 S.W.2d 425 (Tex.Civ. App.-Dallas 1976, writ ref'd n.r.e.); *Farmers' & Mechanics' National Bank of Fort Worth v. Taylor*, 91 Tex. 78, 40 S.W. 876 (Crt.Civ.App.), *aff'd* 91 Tex. 78, 40 S.W. 966 (Tex.1897).

In the present case, Supply Co. recognized its statutory right to perfect its materialman's lien against "all the world" in its Exhibit "B" demand letter to Debtor dated July 11, 1984: "If payment is not received within (10) days of receipt of this notice, *a lien will be filed,* and all court and/or legal fees will be added to the unpaid balance." If Supply Co. had followed its own demand letter to Debtor and filed its statutory lien, the lien would have been effective as to the pre-petition debtor/owner and to all subsequent entities that acquired rights in the property, i.e., the post-petition trustee/debtor-in-possession.

It is precisely this failure to perfect the constitutional materialman's lien by filing the statutory lien affidavit that makes Supply Co.'s constitutional lien fall prey to the "strong arm clause" of 11 U.S.C. sec. 544.

Under 11 U.S.C. sec. 544(a)(3), the trustee, without regard to any actual knowledge of the trustee, may avoid any obligation incurred by the debtor that is voidable by a hypothetical bona fide purchaser of real property from the debtor as of the date of the bankruptcy petition.[1] The language "without regard to any knowledge" was intended by Congress to mean that the

---

**1.** Parenthetically, the Court would note that, under Tex.Prop.Code sec. 53.052(b), a bona fide purchaser may be defeated if a materialman's lien affidavit is filed by an original contractor within 120 days after the day on which the indebtedness accrues (date of last delivery of materials.) *See Wood v. Barnes, supra.* Under sec. 546(b) and 362(b)(3) of the Bankruptcy Code, post-petition filings would be permitted if the grace period created by the state statute continued to run post-petition, at least up until the grace period expired. *See also* 11 U.S.C. sec. 108(a), which might arguably allow up to two years for post-petition filing. However, this Court expresses no opinion concerning the applicability of 11 U.S.C. sec. 108 in this context. Because of 11 U.S.C. sec. 547(c)(6), 11 U.S.C. sec. 547(e) should not deem an unfiled materialman's lien to be a pre-petition transfer subject to attack as a preference, even where more than ten days had elapsed after the debtor's acquisition of right in the property.

trustee's status as a hypothetical bona fide purchaser should not be affected by any knowledge which the trustee personally might have of the debtor's previous transaction with the claimant. *See McCannon v. Marston (In re Hotel Association, Inc.),* 679 F.2d 13 (3d Cir.1982).

In the present case, Debtor, upon filing its voluntary Chapter 11 petition in bankruptcy, assumed the rule of a debtor-in-possesion. A debtor-in-possession is placed in the shoes of and has all the rights and powers of a trustee under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. sec. 1107. Hence, the debtor-in-possession is a "new entity" with rights and powers quite different from those of its predecessor the pre-petition debtor.

As a result of Supply Co.'s failure to file a statutory lien affidavit, the materialman's lien, though perfected against the pre-petition debtor, is an unperfected lien against the post-petition trustee/debtor-in-possession. *See In re Boots Builders, Inc.,* 11 B.R. 635 (Bankr.N.D.Tex.1981). As such, the unperfected lien is an encumbrance of realty that is avoidable by the trustee/debtor-in-possession under 11 U.S.C. sec. 544(a)(3).

The same analysis applies to the avoidance power granted the trustee/debtor-in-possession under 11 U.S.C. sec. 545(2). The trustee may avoid any statutory lien "not perfected against a bona fide purchaser" as of the commencement of the case.

In light of the foregoing, the Court concludes that the status of Movant/Supply Co.'s constitutional materialman's lien is unperfected and unenforceable against a bona fide purchaser. Therefore, the lien is avoidable under both 11 U.S.C. sec. 545(2) and sec. 544(a)(3). Movant is not entitled to recover reasonable attorney's fees for the collection of the amounts due and owing pursuant to TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985) and 11 U.S.C. sec. 506(b). Finally, Movant's objections to the sale of property upon which it claim an alleged perfected lien are denied.