**In re MARQUEE EAST INVESTORS, LTD., Villa Bonita Investors, Ltd., Debtors.**

**MARQUEE EAST INVESTORS, LTD. and Villa Bonita Investors, Ltd., Plaintiffs,**

**v.**

**A–AFFORDABLE PEST CONTROL, INC.; Dallas Stove Hospital, Inc., d/b/a National Appliance Parts Company; Don Darouse, d/b/a Bailey and Carson Cleaning Company; and Ron Watkins, Inc., Defendants.**

**Bankruptcy Nos. 385–30459 M–11, 385–30494 M–7.**

**Adv. No. 386–8099.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 9, 1987.

Nicholas Katsonis, Palmer & Palmer, Dallas, Tex., for plaintiffs.

Louis R. Strubeck, Jr., Fulbright & Jaworski, Dallas, Tex., for defendants.

## MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT

ROBERT C. McGUIRE, Chief Judge.

### Introduction

This matter was submitted to the Court on May 18, 1987. The Court, having reviewed the applicable case law and all motions and briefs, files this memorandum opinion which shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

This Court finds that it is appropriate for this Court to utilize Bankruptcy Rule 7056 in this adversary proceeding. Bankruptcy Rule 7056 incorporates FRCP 56, which is the summary judgment rule.

The sole issue for determination by this Court is whether or not, Defendant Ron Watkins, Inc. ("Watkins") possesses a constitutional lien, and, if so, is it valid and enforceable against the trustee's avoidance powers as a hypothetical *bona fide* purchaser under 11 U.S.C. § 544.

### Factual Background

The facts in this case are uncontroverted. They can be summarized as follows:

1. At the commencement of this bankruptcy case, Marquee East Investors, Ltd. ("Debtor") was the owner of property more commonly known as the Marquee East Apartments, 511 Gaston Avenue, Dallas, Texas, more particularly described as Lots 3, 4, 5, and Southwest 5 fee of Lot 6 in Block 12/1862, of Munger Place, City of Dallas, Dallas County, Texas (the "Property").

2. Watkins contracted with Debtor and supplied labor and/or materials for improvements at the Property.

3. On January 30, 1985, Watkins filed, in Dallas County, Texas, a lien affidavit for the purpose of perfecting statutory and constitutional mechanic and materialmen's liens against the Property because of the nonpayment of debt.

4. The lien affidavit filed by Watkins properly described the Property, and was filed in the proper county.

5. Debtor filed for bankruptcy on March 1, 1985.

6. Watkins is an original contractor under Chapter 53 of the Texas Property Code.

7. Watkins is a mechanic, artisan and such, or materialman for purposes of

Article 16, Section 37 of the Texas Constitution.

8. The work for which Watkins is claiming its lien was performed on the Property between March and August, 1984.

9. Watkins' lien affidavit expressly states that it was filed for the purpose of perfecting its constitutional lien.

### Discussion

■ In Texas, a constitutional lien is self-executing and exists without the necessity of complying with the filing provisions of the Texas Property Code. However, Watkins' lien affidavit stated that it was filed "for the purpose of perfecting statutory and constitutional liens...." Since the lien was filed prior to the commencement of this bankruptcy case, the filing of the lien affidavit constituted notice for deciding whether or not the trustee for Debtor's bankruptcy estate ("Trustee") is a *bona fide* purchaser under Bankruptcy Code § 544. Under Texas law, the constitutional lien is self-executing and enforceable against subsequent purchasers so long as subsequent purchasers have actual or constructive notice of the lien. The Trustee, as a hypothetical property purchaser, is therefore deemed to have notice of Watkins' filed constitutional lien, and, therefore, Watkins' lien interests cannot be avoided under § 544.

The Texas bankruptcy cases cited by the Trustee are distinguishable. *See, In re Boots Builders, Inc.*, 11 B.R. 635 (Bkrtcy. N.D.Tex.1981) (*"Boots"*) and *In re Ernest & Associates, Inc.*, 59 B.R. 495 (Bkrtcy.W. D.Tex.1985) (*"Ernest"*). In *Boots*, Judge Flowers ruled that the original contractor failed to perfect its lien because the affidavit did not sufficiently describe the property. In addition, the Court found that the air conditioning system installed did not fall within the scope of liens granted under the Texas Constitution. In *Ernest*, Judge Ayers found that, since the original contractor failed to file and perfect its lien, the debtor-in-possession could avoid this unperfected lien. The Court then concluded that the original contractors constitutional lien was unenforceable against a *bona fide* purchaser and, accordingly, must fall under

§ 544. This Court notes that neither of those cases deals with the situation presently involved where the original constractor properly filed a constitutional lien *prior* to the filing of the bankruptcy.

### Conclusion

Based on the foregoing, the Court finds that the Trustee had notice, as of the commencement of this case, of Watkins' constitutional lien, and is, therefore, precluded from avoiding the lien under 11 U.S.C. § 544. In granting Watkins' motion for summary judgment, the Court finds that this lien claim should be satisfied from those funds escrowed in connection with the previous sale of this Property. The Trustee's motion for summary judgment is denied.

The Court reserves the right to make further findings of fact and conclusions of law, if necessary. Where appropriate, a finding of fact shall be considered a conclusion of law, and *vice versa*.

An appropriate order will be entered in accordance with the foregoing opinion.