**William McEVOY, Trustee for Marquee East Investors, Ltd., Plaintiff–Appellant,**

v.

**RON WATKINS, INC., Defendant–Appellee.**

**No. CA 3–87–1874–R.**

United States District Court, N.D. Texas, Dallas Division.

Oct. 19, 1987.

Nicholas Katsonis, Palmer & Palmer, Dallas, Tex., for plaintiff-appellant.

Louis R. Strubeck, Jr., Fulbright & Jaworski, Dallas, Tex., for defendant-appellee.

## MEMORANDUM OPINION

BUCHMEYER, District Judge.

### I.

This case is on appeal from the Bankruptcy Court's grant of summary judgment

to Ron Watkins, Inc. ("Watkins"), and denial of William McEvoy's ("Trustee") cross-motion for summary judgment 74 B.R. 499. The undisputed facts of this case reveal that Watkins furnished labor and materials to Marquee East Investors, Ltd. ("Debtor") relating to Debtor's apartment complex—its sole asset. Although Watkins completed this work in August, 1984, it failed to file its lien affidavit, as required by Chapter 53 of the Texas Property Code, until January 30, 1985, 142 days after Debtor's indebtedness to Watkins accrued. Since Chapter 53 requires filing of lien affidavits within 120 days, Watkins' late filing did not comport with the statutory requirements.

On March 3, 1985, Debtor filed a voluntary petition for reorganization under Chapter 11. On December 8, 1986, Trustee filed a "Complaint to Determine Extent and Validity of and to Avoid Liens," which named Watkins as a defendant. In this lien avoidance action, Trustee alleged that Watkins did not have any valid lien rights under Chapter 53, and in the alternative, that Watkins' lien rights were unenforceable against the Trustee by virtue of 11 U.S.C. § 544(a)(3). Watkins contended that it possessed a valid constitutional lien, unaffected by the timeliness of the filing. On July 9, 1987, the Bankruptcy Court (McGuire, J.) entered an order granting Watkins' motion for summary judgment and denying Trustee's motion for summary judgment.[1] Appellant urges this Court to reverse the judgment below and to direct judgment in its favor, invalidating Watkins' purported constitutional lien. For the reasons that follow, the judgment of the Bankruptcy Court will be REVERSED and judgment will be entered in Appellant's favor.

### II.

The sole issue presented is whether the Bankruptcy Court erred in holding that Watkins' constitutional lien claim is valid and enforceable against Trustee's avoid-

---

**1.** In its memorandum opinion, the Bankruptcy Court fails to mention that Watkins' lien affidavit was untimely filed. Instead, the court states that since it was properly filed prior to the bankruptcy filing, it sufficiently gave Trustee

notice of the lien. The court's reasoning is unclear since it neither describes whether actual or constructive notice was given, nor explains how an untimely filing could constitute constructive notice.

ance powers as a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3). Since Trustee challenges only the Bankruptcy Court's conclusion of law, this Court's review of the legal issue is de novo. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986). Essentially, Trustee's position is that, under Texas law, a lien claimant can only prevail against a subsequent purchaser with notice—actual or constructive—of the lien. Thus, Trustee's attack on the judgment is twofold: (1) that § 544 precludes any finding that Trustee had actual notice of the lien; and (2) that constructive notice was not given since Watkins failed to comply with the statutory filing procedures for preserving his constitutional lien. Watkins takes the position that, under Texas law, there is no significant distinction between actual or constructive notice. Moreover, since its lien is a creation of the constitution, and not the legislature, Watkins may enforce its lien notwithstanding its failure to comply with the statute. At a minimum, according to Watkins, even a hypothetical bona fide purchaser would have the duty to inspect the records, such that Trustee is imputed to have actual or constructive notice of Watkins' lien.

Section 544(a) of the Bankruptcy Code provides as follows:

§ 544   **Trustee as lien creditor and as successor to certain creditors and purchasers**

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

This section, the "strong arm clause," permits a trustee to avoid any transfer of property of the debtor, or obligation incurred by the debtor that would be voidable by a bona fide purchaser of the property. *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1334 (7th Cir.1986). Watkins argues that under Texas law a bona fide purchaser does not take free from a lien if he has actual or constructive notice. Although courts generally look to state law to determine whether certain property is the asset of a debtor, Congress has disrupted this practice in drafting § 544.

Section 544(a) states that the trustee "shall" be able to avoid encumbrances that would be voidable by a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor." Despite this clear language, Watkins takes the position that actual notice will still defeat Trustee's rights. In advancing this argument, Watkins points this Court to the Fourth Circuit's decision in *In re Hartman Paving, Inc.*, 745 F.2d 307 (4th Cir.1984). In that case, the plaintiff sought relief from the automatic stay to permit foreclosure of a deed of trust lien asserted against the debtor's property. The debtor-in-possession opposed relief on the ground that plaintiff's deed of trust contained an improper acknowledgment. Interpreting West Virginia law, *Hartman Paving* found that while the filing of an unacknowledged deed will not operate as constructive notice, the debtor's actual notice was sufficient to give validity to the instrument.

*Hartman Paving* has been widely criticized, and is contradicted by the decisions of at least two other circuits. *See, In re Sandy Ridge Oil Co., supra* at 1334–36; *McCannon v. Marston*, 679 F.2d 13 (3rd Cir.1982). Both of these decisions clearly articulated that, under § 544(a), actual knowledge was irrelevant regardless of the state law of actual notice. This Court believes that the decisions from the Seventh and Third Circuits are proper in holding that a trustee's actual knowledge is irrelevant. Section 544(a)'s clear language and legislative history allow no other conclusion. ·

Consequently, Watkins can prevail only if Texas law gave Trustee constructive notice of Watkins' improperly filed lien affidavit. While § 544(a) removed considerations of actual notice, the state law of constructive notice remains applicable in the context of § 544(a)(3). *McCannon, supra* at 17. It is undisputed that Watkins did not comply with Chapter 53's filing requirements. Nevertheless, Watkins argues that a bona fide purchaser has an obligation to check the appropriate recording office, and that doing so in this case would have revealed the existence of Watkins' lien affidavit since it was filed prior to the commencement of this bankruptcy case.

Trustee correctly states, however, that a defective lien affidavit does not impart constructive notice under Texas law. Article XVI, Section 37 of the Texas Constitution grants to mechanics, artisans, and materialmen "a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor...." Further, the Texas Constitution states that "the legislature shall provide by law for the speedy and efficient enforcement of said liens." *Id.* Following this mandate, the Texas legislature adopted Chapter 53, which states the requirements for the perfection of constitutional materialmen's liens. Tex. Prop. Code Ann. §§ 53.001, *et seq.* (Vernon 1984). Section 53.052 requires the filing of a lien affidavit no later than 120 days after the accrual of the debt.

The fact that a constitutional lien is self-executing does not allow it to bind subsequent purchasers without actual or constructive notice. *Dee's Cabinet Shop, Inc. v. Weber,* 562 S.W.2d 945 (Tex.Civ.App. 1978); *De Bruin v. Santo Domingo Land & Irrigation Co.,* 194 S.W. 654 (Tex.Civ. App.1917); *In re Ernest & Associates, Inc.,* 59 B.R. 495 (Bkrtcy.W.D.Tex.1985). For example, in *Black, Sivalls & Bryson, Inc. v. Operators Oil & Gas Co.,* 37 S.W.2d 313 (Tex.Civ.App.1931), the plaintiff was attempting to foreclose against the defendant on the basis its mechanic's and materialmen's lien. Just as in this case, however,

the plaintiff's lien was filed late, though prior to the assignment to the defendant property owner. The court held that the plaintiff's lien claim was invalid, stating that: "the statutory requirement as to filing and *time of filing* must be complied with to make even a constitutional lien enforceable against the subsequent bona fide purchaser." *Id.* at 315 (emphasis added). The fact that a search of the records would have revealed Watkins' lien affidavit is not relevant since a bona fide purchaser does not take constructive notice of a document which was not properly filed.

No unfairness exists when a court fails to enforce a lien that did not comply with the applicable statutory requirements. Constructive notice is a device designed to protect those who obey the recording acts. One who fails to obey these acts cannot complain that he does not receive the benefits bestowed thereunder; this person assumes the risk that the property will be transferred to a bona fide purchaser, or subsequent lienholder. Since § 544(a)(3) places Trustee in the position of a hypothetical bona fide purchaser, he takes the Debtor's estate free of any unrecorded liens. The undisputed record discloses that Watkins failed to obey Texas' filing requirements and, therefore, Trustee is not subject to Watkins' constitutional lien. In short, it cannot be said that Trustee received notice sufficient under § 544 and Texas law to make Debtor's estate subject to Watkins' lien. Consequently, Trustee was entitled to summary judgment, and the Bankruptcy Court's refusal to grant Trustee's motion was error. For these reasons, the Bankruptcy Court's judgment in favor of Watkins is REVERSED, and JUDGMENT is hereby entered in favor of Trustee, setting aside Watkins' lien.